MARY F. SISSON & others *vs.* HARRIET E. TATE.

A certificate of entry to foreclose a mortgage is not sufficient, under the Gen. Sts. *c.* 140, § 2, if signed by the mortgagor after he has conveyed the equity of redemption and ceased to claim any title in the mortgaged premises, although he remains in possession of them.

BILL IN EQUITY, filed in 1870, by Mary F. Sisson, Harriet C. Pickens and Diana S. Mackintire, against Harriet E. Tate, to redeem a parcel of land in Charlestown from a mortgage. Hearing before *Gray*, J., who reported the case for the determination of the full court, substantially as follows:

Moses F. Tate, being seised of the premises in fee simple, executed the mortgage in question, which contained a power of sale, to the Warren Mutual Loan and Fund Association, and in 1855 executed and delivered a warranty deed of the premises to Joseph P. Gilson and Charles S. Curtis, (under whom the plaintiffs claimed,) which was duly recorded, but continued in possession after the conveyance, and in 1858 signed, sealed and acknowledged a certificate on the back of the mortgage, setting forth that he gave to the mortgagees " open, quiet, peaceable and unopposed possession " of the premises, " for the purpose of foreclosing said mortgage, and for the purpose of enabling said association to sell said premises, as provided for in said mortgage on account of a breach of the conditions of said mortgage." The certificate was duly recorded. The mortgage was afterwards assigned to the defendant.

If upon these facts the court should be of opinion that the mortgage was foreclosed, the bill was to be dismissed with costs, otherwise the case to be referred to a master to state the account between the parties.

*C. M. Ellis*, for the plaintiffs.

*J. P. Converse & E. A. Kelly,* for the defendant.

COLT, J. The defendant's position that the right to redeem the mortgage under which she claimed was foreclosed under the certificate of Tate, the mortgagor, giving peaceable possession of the premises to the mortgagee for the purpose of foreclosure, and for breach of the conditions thereof, cannot be sustained. The difficulty is, that at the time of giving the certificate Tate had conveyed his estate in the premises to those under whom the plaintiffs claim. The statute requires the certificate to be signed by " the mortgagor or the person claiming under him," according as the title shall be in one or the other at the time. Upon the case stated, Tate was in possession under his grantee only as tenant at will or by sufferance, claiming no title. In a writ of entry to foreclose, so long as he set up no estate in the premises and did not withhold possession from the mortgagee, he could not be treated as tenant of the freehold, and could only be made defendant by being joined with the tenant of the freehold under the statute, as mortgagor. Gen. Sts. *c.* 140, §§ 2, 8. *Campbell* v. *Bemis,* 16 Gray, 485. *Bennett* v. *Conant,* 10 Cush. 163, 165. The certificate was ineffectual to foreclose the mortgage ; and the case must be referred to a master to state the account.

*Ordered accordingly.*